UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| VICTORIA ROSE CAPRA, ) | Case Number 24-60190 |
| ) | |
|    Debtor. ) | |
| ) | |
| GERARD R. VETTER, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
|    Movant, ) | |
| ) | |
| *v.* ) | |
| ) | |
| CONWAY LAW GROUP, PC, ) | |
| ) | |
|    Respondent. ) | |

**MOTION OF THE UNITED STATES TRUSTEE TO: REVIEW FEES, CANCEL FEE AGREEMENT, AND ORDER THE RETURN OF FEES PURSUANT TO 11 U.S.C. § 329 OR, ALTERNATIVELY, VOID THE FEE AGREEMENT AND REQUIRE THE RETURN OF FEES PURSUANT TO 11 U.S.C. §§ 105 AND 526; AND IMPOSE AN APPROPRIATE CIVIL PENALTY PURSUANT TO 11 U.S.C. § 526**

Gerard R. Vetter, Acting United States Trustee for Region Four (the "**United States Trustee**"), by counsel, moves the Court to: (i) review the fees Conway Law Group, PC ("**CLG**") received from or on behalf of Victoria Rose Capra (the "**Debtor**"), cancel the fee agreement between the Debtor and CLG (the "**Fee Agreement**"), and order CLG to return $2,400.00 (the "**Fee**") pursuant to 11 U.S.C. §§ 105 and 329 or, alternatively, void the Fee Agreement and order CLG to return the Fees pursuant to 11 U.S.C. §§ 105 and 526; and (ii) impose an appropriate civil

1

penalty on CLG pursuant to 11 U.S.C. § 526.[1]  In support of this motion, the United States Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334.  The statutory predicates for this motion are §§ 105, 329, and 526 of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

*Counsel And CLG*

4. Kimberly A. Kalisz ("**Counsel**") is an attorney with CLG.

5. In return for compensation, CLG, by and through its attorneys, regularly renders bankruptcy assistance to and represents assisted persons in seeking relief under the Bankruptcy Code.[2]

6. CLG is a debt relief agency under the Bankruptcy Code.  *See* 11 U.S.C. § 101(12A).

7. On February 28, 2023, this Court entered an order in case number 22-61153, a copy of which is attached as Exhibit 1, requiring Counsel to comply with the following terms and conditions:

    A. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good

---

[1] Unless otherwise expressly defined, words and phrases used in this motion have the meanings given to them in title 11 of the United States Code (the "**Bankruptcy Code**").

[2] Since 2022, it appears Counsel has filed approximately 17 cases in this Court and approximately 195 cases in the United States Bankruptcy Court for the Eastern District of Virginia.  Cases commenced in this Court year-to-date by Counsel on behalf of CLG involving assisted persons include, by way of example and not in limitation, case numbers 24-60382, 24-60261, 24-60128, and 24-60100.

     cause shown), Ms. Kalisz will review all documentation ordinarily required by the chapter 7 panel and/or chapter 13 standing trustees;

B. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession, or garnishment or for other good cause shown), Ms. Kalisz will review all documentation ordinarily required to conduct due diligence and provide legal analysis and legal advice to clients to enable them [to] make important legal choices regarding seeking relief under the Bankruptcy Code and to comply with the Bankruptcy Code and Bankruptcy Rules;

C. Ms. Kalisz will personally review with clients the version of the schedules, statements, and any other documents to be filed with the court and comply with applicable laws, rules, and orders regarding obtaining and maintaining client signatures on such documents;

D. In her review of the schedules, statements, and other documents to be filed on behalf of clients in connection with a case, Ms. Kalisz will personally compare the information contained in the documents to be filed with the Court to ensure that the information is (i) consistent with other items listed in the documents to be filed and (ii) is consistent with tax returns, pay advices, engagement agreements, and other documentation obtained from the clients[.]

<u>Exhibit 1</u> at ¶ 1.

*CLG Provides Deficient Services In The Debtor's Case*

8. On January 31, 2024, Counsel filed a voluntary petition for relief for the Debtor in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division. The schedules do not indicate any emergency, such as imminent foreclosure, repossession, or garnishment, necessitated the filing on January 31, 2024.

9. After an opportunity for discovery, the evidence is expected to show that Counsel advised the Debtor to sign the documents filed in this case that bear the Debtor's electronic endorsement.

10. According to the Official Form 2030 (Attorney Disclosure of Compensation) filed in this case and attached as <u>Exhibit 2</u>, the Debtor paid CLG the Fee to represent her in a chapter 7 bankruptcy case.

11. According to the Official Form 2030, in return for the Fee, Counsel and CLG are obligated to provide "legal service for all aspects of the [Debtor's] bankruptcy case[.]" Ex. 2. According to Official Form 2030, no services are excluded. *Id.*

12. According to the Debtor's Official Form 107 (Statement of Financial Affairs), on November 26, 2023, the Debtor paid the Fee as well as the following expenses: $338.00 filing fee; $37.00 credit report; and **$60.00 title report**. The documents filed at Docket No. 1 are incorporated by reference as are the amended schedules filed at Docket No. 12.

13. According to the Debtor's petition, her debts are primarily consumer debts (Docket No. 1 at 7).

14. According to the Debtor's amended Official Form 106A/B (Schedules A/B), the total value of all property on Schedule A/B is $102,085.39.

15. The Debtor is an assisted person under the Bankruptcy Code. *See* 11 U.S.C. § 101(3).

16. The petition listed the Debtor's county of residence as Louisa, Virginia.

17. Because the petition listed the Debtor's county of residence as Louisa, Virginia, on February 1, 2024, the United States Bankruptcy Court for the Eastern District of Virginia entered the *Order For Debtor To Show Cause Why This Case Should Not Be Transferred To The Western District Of Virginia* (the "**OSC**") attached as Exhibit 3. The OSC set February 28, 2024, as the hearing date.

18. On February 22, 2024, United States Bankruptcy Court for the Eastern District of Virginia entered the order attached as Exhibit 4 transferring this case to this Court (the "**Transfer Order**"). According to the Transfer Order, the Debtor conceded filing her case in the wrong district.

4

19. On March 26, 2024, the Debtor's chapter 7 trustee conducted the Debtor's meeting of creditors. The chapter 7 trustee questioned the accuracy of the scheduled value of the Debtor's interest in her real estate. At that time, either Counsel or the Debtor stated that she believed the value shown on Schedule A/B was a mistake.

20. The chapter 7 trustee asked Counsel to provide him with a copy of the deed and deed of trust related to the Debtor's residence.

21. On April 4, 2024, Counsel filed an amended Official Form 106A/B (Schedule A/B) listing the value of the Debtor's interest in her real estate as $71,300.00 (Docket No. 12 at 1). As with the petition and original Schedule A/B, amended Schedule A/B listed Louisa as the county in which the Debtor's residence is located. *Id.*

22. Attached as <u>Exhibit 5</u> are the pages of the deed of trust provided to the Debtor's chapter 7 trustee.

23. The Debtor's residence is located in Spotsylvania County, Virginia.

24. Spotsylvania County, Virginia is located in the Eastern District of Virginia.

## BASIS FOR RELIEF

### *Return of Fees Under 11 U.S.C. §§ 105(a) and 329(b)*

25. If compensation is excessive, a court may cancel a debtor's agreement with counsel for compensation or order the return of such payment to the estate or entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

26. As explained by the Court of Appeals for the Seventh Circuit:

> *Section 329(b)* authorizes the court to assess the reasonable value of the services counsel provided to debtor and to compare that value with the amount debtor paid or agreed to pay for the attorney's services. If the court determines that the fee charged by the attorney is excessive-- i.e., that it exceeds the reasonable value of the services provided--then it may cancel any compensation agreement between the attorney and his client, or it may order the return of the excessive portion of the

fee to debtor's estate or to the entity making the payment. In making the "reasonable value" determination, the bankruptcy court is to be guided by section 330 of the Bankruptcy Code, which sets forth a number of factors that Congress deemed relevant to an assessment of the value of professional services.

**Once a question has been raised about the reasonableness of the attorney's fee under section 329, it is the attorney himself who bears the burden of establishing that the fee is reasonable.**

*In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998) (internal citations omitted) (emphasis added).

27. Under the circumstances of this case, the Fees are excessive. By way of example and not in limitation, it appears Counsel failed to prepare accurate documents for the Debtor, tendered an order to the United States Bankruptcy Court for the Eastern District of Virginia that Counsel knew or should have known inaccurately represented that venue was improper, and failed to assist the Debtor to timely correct inaccuracies in the petition and schedules, which inaccuracies Counsel knew or should have known of concerning the district in which the Debtor's residence is located.

28. Cause exists to require CLG and Counsel to show that Fees are not excessive, to cancel the Fee Agreement, and to order the refund of Fee pursuant to 11 U.S.C. § 329(b).

***Voiding Of Contracts And Return of Fees Under 11 U.S.C. §§ 105(a) and 526(c)(1)***

29. The Bankruptcy Code provides that "any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements" of 11 U.S.C. §§ 526, 527, or 528 "shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person." 11 U.S.C. § 526(c)(1).

30. The Bankruptcy Code imposes certain restrictions on a debt relief agency, including, among others, a provision that prohibits a debt relief agency from making "any

6

statement, or counsel or advis[ing] any assisted person . . . to make a statement in a document filed in a case or proceeding under [the Bankruptcy Code], that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading." 11 U.S.C. § 526(a)(2).

31. CLG, through Counsel, has violated 11 U.S.C. § 526(a). By way of example and not in limitation, CLG, through Counsel,: advised the Debtor to sign the petition, Official Form 106Dec regarding the original schedules, and Official Form 106Dec regarding the amended schedules when the petition, schedules, and amended schedules contained information that Counsel knew or should have known contained untrue or misleading information; and tendered an order to the United States Bankruptcy Court for the Eastern District of Virginia that contained information that Counsel knew or should have known contained untrue or misleading information.

32. Cause exists to void the Fee Agreement and order CLG to return the Fees.

### *Imposition Of Civil Penalties Under 11 U.S.C. § 526(c)(5)*

33. As set forth above, CLG has intentionally violated 11 U.S.C. § 526(a)(2) or systematically violated 11 U.S.C. § 526(a)(2).

34. After an opportunity for discovery the evidence is expected to show that CLG has engaged in a clear a pattern or practice of advising debtors to sign documents filed in bankruptcy cases that CLG, by and through its attorneys, knew or should have known contained inaccurate information. By way of example and not in limitation of other evidence that may be shown at trial after an opportunity for discovery, the United States Trustee has raised concerns in this Court regarding the services rendered by CLG and its attorneys in case numbers 21-50437 and 22-61153.

35. Additionally, the facts of this case demonstrate CLG engaged in a pattern or practice of violating § 526(a)(2) in this case. By way of example and not in limitation of other

evidence that may be shown at trial after an opportunity for discovery, CLG, by and through Counsel, repeatedly filed documents containing statements concerning the Debtor's real estate that Counsel and CLG knew or should have known were untrue or misleading.

36.   Alternatively, CLG, by and through Counsel, intentionally violated § 526(a)(2) of the Bankruptcy Code.  By way of example and not in limitation of other evidence that may be shown at trial after an opportunity for discovery, Counsel had a duty to review all documents necessary to perform due diligence and advise the Debtor.  Ex. 1.  CLG required the Debtor to pay for a title report and cannot reasonably dispute that review of the results, including the deed and deed of trust for the Debtor's residence, was required to satisfy due diligence in this case and render legal advice to the Debtor.  It does not appear Counsel reviewed, by way of example and not in limitation, the Debtor's deed of trust.  Counsel was also required to "personally compare the information contained in the documents to be filed with the Court to ensure that the information is (i) consistent with other items listed in the documents to be filed and (ii) is consistent with tax returns, pay advices, engagement agreements, and other documentation obtained from the clients[.]" *Id.*  It appears Counsel either disregarded her obligations under this Court's February 28, 2023, Order or reviewed recorded documents concerning the Debtor's real estate and counseled the Debtor to make statements concerning her real estate that were untrue or misleading statements or which upon Counsel's exercise of reasonable care should have been known by Counsel and CLG to be untrue or misleading.  Further, Counsel intentionally submitted the Transfer Order which contained statements regarding venue that were untrue or misleading or upon the exercise of reasonable care should have been known by Counsel and CLG to be untrue or misleading.

37.   Cause exists to impose civil penalties under § 526(c)(5)(B) of the Bankruptcy Code against CLG, which penalty should be in an amount determined by the Court, taking into

consideration all the relevant factors, including, but not limited to, the misrepresentations made, the need to deter similar conduct, the ability to pay, past efforts at ensuring compliance, and the harms to the Debtor and bankruptcy system.

38. The United States Trustee reserves the right to amend or supplement this motion.

WHEREFORE, the United States Trustee, by counsel, moves the Court, pursuant to 11 U.S.C. §§ 105, 329, and 526, to: (i) review the fees in this case of Counsel and order appropriate relief including, but not limited to, the cancellation of the fee agreement and return of fees or, alternatively, void the engagement agreement entered into by the above-captioned Debtor and order the return of fees; and (ii) impose an appropriate civil penalty on CLG.

Date:  May 16, 2024                                 Respectfully submitted,

                                                    United States Trustee

                                                    By: /s/ W. Joel Charboneau
                                                    Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

9

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed the foregoing motion. Unless an order is entered prior to the hearing, a **preliminary hearing** on the motion will be held on **June 18, 2024, at 10:00 a.m.** in the United States Bankruptcy Court via Zoom at https://vawb-uscourts-gov.zoomgov.com/j/1603692643.  The Meeting ID is 160 369 2643.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response not later than 7 days prior to the scheduled hearing.  Absent a timely filed response, a proposed order may be tendered to the Court dismissing the case and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

CERTIFICATE OF SERVICE

I certify that on May 16, 2024, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Ms. Kalisz.  Additionally, I caused a copy of the foregoing to be placed in an envelope with First Class postage affixed and deposited in a regular depository of the United States Postal Service, which envelope was addressed as follows:

Conway Law Group, PC
c/o Martin Conway
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

Conway Law Group, PC
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee